PER CURIAM.
This case involves the proper interpretation of House Joint Resolution 153, 1979 Legislature. The proper interpretation of H.J.R. 153 will determine, in turn, the current use value of property in Montgomery County, Alabama, for the tax years of 1978-79, 1979-80, and 1980-81. Plaintiff Taxpayers interpret the resolution one way. The State interprets it another way. The trial court agreed with the Taxpayers’ interpretation. We affirm.
This is the fourth time this case has been before us. For purposes of this fourth and final time, only one of our previous encounters with it is relevant. On October 1, 1979, Plaintiff Taxpayers filed a class action against various officers and employees of Montgomery County and the State of Alabama charged with assessing and collecting ad valorem taxes. The Plaintiff class consisted of all land owners of rural Montgomery County cropland, pastureland, or timberland who had been assessed and had incurred ad valorem tax liability. Plaintiff Taxpayers prayed for a judgment declaring that Defendants had failed to comply with the legislative mandate for ad valorem tax assessment of their lands. Specifically, Plaintiffs alleged that Act No. *851 135, 1978 Ala. Acts (subsequently codified at Code 1975, § 40-7-25.1, et seq.) mandated that their land be assessed at current use value, and that Defendants had assessed it at fair market value. Plaintiffs also sought a writ of mandamus requiring Defendants to comply with Act No. 135. The Montgomery County Circuit Court found that Defendants had illegally refused to comply with Act No. 135 and issued a judgment for Plaintiff Taxpayers. Defendants eventually appealed to this Court.
We affirmed the circuit court’s judgment in part, reversed in part, and remanded the case to the circuit court. Eagerton v. Williams, 433 So.2d 436 (Ala.1983). We agreed with the circuit court that the legislative intent of Act No. 135 was a current use valuation, and that Defendants had illegally used a fair market valuation in assessing Plaintiffs’ ad valorem taxes. We ordered Defendants to reassess the ad va-lorem taxes on Plaintiffs’ lands, using a current use valuation. Furthermore, we found that the current use formula set out in House Joint Resolution No. 153, 1979 Alabama Legislature, was consistent with the legislative intent behind Act No. 135. Therefore, we ordered that Defendants use the H.J.R. No. 153 formula in reassessing Pláintiffs’ ad valorem taxes. Finally, we ordered that, after the reassessments, each Plaintiff Taxpayer should receive a refund “equal to the difference between ad valo-rem taxes previously paid and the amount of taxes due as figured under the new schedule.” Eagerton at 450.
On remand, Plaintiffs and Defendants disagreed over the proper interpretation of the H.J.R. No. 153 current use formula. The Resolution sets forth a mathematical formula and also contains a table for 1978 as an apparent example of how the mathematical formula should work for that year. However, the current use values arrived at by working through the mathematical formula are considerably higher than the current use values set forth in the 1978 example table. The discrepancy appears to be due to the fact that the mathematical formula requires the use of cropland budgets that have not had a return to management factored out of them. Both Plaintiffs and Defendants agree that a return to management should be factored out, but they disagree on what percentage the return to management should be. Defendants proposed that the proper return to management was 10% and that the cropland budgets should be reduced by 10% to reflect this. Plaintiffs, on the other hand, argued that the proper percentage discount could be found by inference in the 1978 table. The legislature intended, Plaintiffs argued, a percentage return to management (approximately 40%) sufficient to reduce the current use values of their land to that set forth in the table. Once again, the circuit court found for Plaintiff Taxpayers and Defendants appealed.
After careful review of the entire record, including all previous proceedings before this Court, and after due consideration of the respective contentions of the parties, we are of the opinion, and we so hold, that the trial court’s order is in substantial compliance with this Court’s mandate in Eager-ton, supra. Thus, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.